UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

QUINCENA BAGGETT                                    CIVIL ACTION

VERSUS                                              NUMBER 15-23-JJB-RLB

C.W. RESOURCES

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 31, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

QUINCENA BAGGETT                                    CIVIL ACTION

VERSUS                                                   NUMBER 15-23-JJB-RLB

C.W. RESOURCES

## REPORT AND RECOMMENDATIONS

The Complaint in this matter was filed on January 16, 2015 by the pro se plaintiff, Quincena Baggett. The plaintiff's address of record is the address that plaintiff provided in the complaint. All court notices were sent to that address.

On February 3, 2015, the court granted the plaintiff's request that plaintiff be allowed to proceed in forma pauperis. The Court also directed the U.S. Marshal's Service to serve the defendant. The defendant was served on March 27, 2015. A scheduling conference was set for April 23, 2015 and a status report was due by April 9, 2015.[1]

On April 13, 2015 plaintiff filed a motion for appointment of counsel. In addition, on May 7, 2015, plaintiff filed a motion for extension of time to file status report. On May 13, 2015, the court granted plaintiff's motion and reset the scheduling conference for June 25, 2015 and set a new date for the status report to be filed by June 11, 2015.[2] Plaintiff filed a status report on May 28, 2015. As of June 23, 2015, there was no appearance by defendant despite being served and no request by plaintiff for preliminary entry of default or motion to dismiss the defendant filed in the record. It had been 88 days since defendant had been served.

Plaintiff was ordered to show cause, in writing, on or before July 9, 2015, why plaintiff's claim against the defendant should not be dismissed for failure to prosecute. This notice

---

[1] R. Doc. 5.
[2] R. Doc. 13.

informed the plaintiff that plaintiff was to show cause why the claim against defendant should not be dismissed under Local Rule 41.2.B for failure to prosecute if good cause is not shown why no default has been entered within sixty (60) days after service of the summons and complaint. Notice was sent to plaintiff by e-notice.

Plaintiff filed a response to the show cause order on July 9, 2015 but did not state why plaintiff has failed to submit a request for preliminary entry of default.

Local Rule 41(b)(1)(B) (previously 41.2.B) provides that a civil action may be dismissed by the court for lack of prosecution "[w]here no responsive pleadings have been filed or no default has been entered within sixty days after service of process, except when Fed. R. Civ. P. 12(a)(3) applies or a dispositive motion is pending." It has now been over 180 days since the filing of the complaint. It has been 126 days since the defendant was served. No responsive pleadings have been filed and no request for preliminary entry of default has been filed.

As a practical matter, the case cannot proceed any further if the plaintiff does not prosecute it. The plaintiff has failed to request a preliminary entry of default and has failed to prosecute this action.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice pursuant to Local Rule 41(b)(1)(B) for failure to prosecute.

Signed in Baton Rouge, Louisiana, on July 31, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**